UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELADIO RODRIGUEZ, | No. 2:19-cv-2552 DB P |
| Plaintiff, | |
| v. | ORDER |
| G. KNIGHT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action. Plaintiff claims defendants used excessive force against him and denied him due process in violation of his rights under the Eighth and Fourteenth Amendments. Presently before the court is plaintiff's request for hearing (ECF No. 36) and his motion to appoint counsel (ECF No. 38). For the reasons set forth below, the court will deny the motions without prejudice.

**I.       Request for Hearing**

On July 8, 2021, the undersigned issued a discovery and scheduling order. (ECF No. 33.) The order indicated that the parties were permitted to conduct discovery until November 12, 2021. (Id. at 6.) Plaintiff has now filed a motion asking the court to order defendants to preserve and produce video evidence. (ECF No. 36.) Plaintiff requests "a Rule 27(a)[1] hearing to order an

---

[1] The court notes that Federal Rule of Civil Procedure 27 sets forth the standards for securing deposition testimony. It is not apparent to the court how the standards enumerated in rule 27 relate to plaintiff's motion.

1

immediate viewing and inspection of Mule Creek State Prison Facility 'A' exercise facility/yard video footage coverage for the date of June 3, 2019." (ECF No. 36 at 1-2.) He further requests that the court order the viewing and inspection pursuant to Federal Rule of Civil Procedure 34(a)(1) and (2). (Id. at 2.) Plaintiff is concerned that without such order the footage may be destroyed.

**A. Legal Standards**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action." Information that is within the scope of discovery "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents or electronically stored information . . . which are in the possession, custody, or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Thereafter, the court may compel a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

Additionally, parties have a duty to preserve evidence that is relevant to pending litigation. Kronish v. United States, 150 F.3d 112, 126 (2d Cir. 1998). "Once a party knows that litigation is reasonably anticipated, the party owes a duty to the judicial system to ensure preservation of relevant evidence." Surowiec v. Capital Title Agency, Inc., 790 F. Supp. 2d 997, 1006 (D. Ariz. 2011). "The duty to preserve is triggered not only when litigation actually commences, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation." Petit v. Smith, 45 F. Supp. 3d 1099, 1105 (D. Ariz. 2014) (quotation omitted).

////

**B. Analysis**

The declaration attached to plaintiff's motion indicates that he has attempted to obtain video footage of the incident giving rise to the claim since the incident took place. (ECF No. 36 at 3.) Additionally, he states that defendants have provided conflicting statements regarding the existence of such footage with some prison officials indicating that it does not exist and others stating the footage is too grainy to produce. (Id.) However, the motion does not state that plaintiff submitted a request for production of the footage pursuant to Federal Rule of Civil Procedure 34. Because it does not appear that plaintiff has submitted a discovery request asking defendants to produce the footage, any order from the court directing production of the footage is premature.

Moreover, the defendants have a duty to preserve any video evidence of the incident giving rise to the claim. Peyton v. Kibler, No. 2:21-cv-0719 JAM KJN P, 2021 WL 3206209 at *2 (E.D. Cal. July 29, 2021) (defendants have a legal duty to preserve video evidence relevant to the case). Thus, there is no need to hold a hearing. Plaintiff is advised that before seeking an order from the court compelling production of discovery materials, he should first submit a request to defendants as stated in the court's July 9, 2021 discovery and scheduling order. (See ECF No. 33 at 6.) Accordingly, plaintiff's request for a hearing to conduct a viewing and inspection of the requested footage will be denied.

**II.   Motion to Appoint Counsel**

Plaintiff has also filed a motion to appoint counsel. (ECF No. 38.) In support of his motion, plaintiff argues the court should appoint counsel because he cannot afford counsel, the issues in the case are complex, he "is a layman at law," and defendants refuse to settle the case. (Id. at 1, 4-8.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff has cited nothing more than circumstances common to most inmates in support of his motion. Additionally, at this stage of the proceedings the court cannot evaluate plaintiff's likelihood of success on the merits. Accordingly, the court will deny the motion to appoint counsel without prejudice to its renewal at a later stage of the proceedings.

### III.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for hearing (ECF No. 36) is denied; and

2. Plaintiff's motion for the appointment of counsel (ECF No. 38) is denied.

Dated: September 9, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/rodr2552.req4hrg.31