1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ELADIO RODRIGUEZ,                          No.  2:19-cv-2552 DB P

12                  Plaintiff,

13        v.                                    ORDER

14   G. KNIGHT, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that defendants used excessive force against him, failed to protect

19   him, and conspired to violate his rights during the disciplinary hearing process.  Presently before

20   the court is plaintiff's fully briefed motion to compel.  (ECF Nos. 50, 54, 56.)  For the reasons set

21   forth below, the court will grant in part and deny in part the motion to compel.

22                              **BACKGROUND**

23   **I.      Procedural History**

24        Plaintiff initiated this action with the filing of the complaint.  (ECF No. 1.)  Upon

25   screening, the undersigned determined service of the complaint was appropriate for defendants

26   Knight, Paioles, Ancheta, Paul[1], Junes, Coder, Achterberg, Vina, Farran, Canela, and Smith.

27   _____

28   [1] It appears defendant Paul has not been served.  (ECF No. 33.)  Plaintiff sought and obtained an
extension of time to submit service documents to effect service on defendant Paul.  (ECF Nos 35,

(ECF No. 7.)  Following service, this action was referred to the court's Post-Screening ADR

(Alternative Dispute Resolution) Project.  (ECF No. 21.)  The case did not settle (ECF No. 29),

and the court issued a discovery and scheduling order.  (ECF No. 33.)

## II.     Allegations in the Complaint

The events giving rise to plaintiff's claim occurred while plaintiff was an inmate at Mule

Creek State Prison ("MCSP").  (ECF No. 1 at 1.)  Plaintiff claims that on June 3, 2019, as he was

exiting the dining hall, Knight directed plaintiff to assume position on the wall for a body search.

(Id. at 5.)  Plaintiff observed a staff member walking towards him and waited for the staff

member to pass before assuming position on the wall.  (Id. at 5-6.)  Because plaintiff did not

approach the wall right away, Knight slammed plaintiff against the wall causing shoulder injuries

and significant pain.  (Id. at 6.)  Plaintiff alleges defendants Junes, Coder, Achterberg, Vina,

Farran, and Canela observed Knight's actions without intervening to protect him.

Plaintiff further claims Knight attempted to suppress the incident by threatening plaintiff

during his medical interview.  (Id.)  During the use of force interview, Ancheta threatened to file

a rules violation report (RVR) unless plaintiff agreed to change his story or drop the charges.

Plaintiff filed a grievance regarding Knight's actions on June 10, 2019.  During an

interview related to plaintiff's grievance, Pasioles threated plaintiff with an RVR if he did not

withdraw his grievance against Knight.  (Id. at 7.)  Several days later, plaintiff received an RVR

authored by Knight.  During the disciplinary process defendants Paul, Smith falsely stated

plaintiff did not suffer any injuries from the assault and Junes, Coder, Achterberg, Vina, Farran,

and Canela falsely stated Knight did not use force against plaintiff.  As a result, Pasioles gave

plaintiff an RVR.

Upon screening the undersigned determined the complaint stated the following claims: (1)

an excessive force claim against Knight (ECF No. 7 at 5), a failure to protect claim against

defendants Junes, Coder, Achterberg, Vina, Farran, and Canela (Id. at 6), and a claim for

////

---

37.)  However, court records indicate plaintiff has not submitted documents necessary to effect
service on defendant Paul.

conspiracy to violate plaintiff's civil rights against Pasioles, Ancheta, Paul, Junes, Coder, Achterberg, Vina, Farran, Canela, and Smith (Id. at 7).

**MOTION TO COMPEL**

**I.      Plaintiff's Motion**

Plaintiff served a request for production of documents on defendants on August 9, 2021. (ECF No. 50 at 2.)  Defendants objected to some of the requests as overbroad and burdensome, as well as "on the grounds of right to privacy."  (Id.)  Plaintiff states the documents sought "mainly pertain to the video evidence, personnel files, and inmate appeals submitted against the defendants involving allegations of excessive force, retaliation and harassment by named defendants."  (Id.)

Plaintiff argues that defendants' personnel files, inmate appeal, and video footage are relevant and necessary to prove his underlying claim, that Knight assaulted him, and the remaining defendants failed to protect him.  (ECF No. 50 at 5-6.)

**II.     Defendants' Opposition**

Defendants argue plaintiff has not met his burden of showing how defendants' responses are deficient, why the objections lack merit, and what additional responses he seeks.  (ECF No. 54 at 2.)  Defendants have produced a privilege log and declarations from California Department of Corrections and Rehabilitation ("CDCR") staff in support of their claim of official information privilege over defendants' personnel files, inmate grievances, and the confidential appeal supplement.  (ECF Nos. 54-1, 54-2, 54-3.)

**III.    Plaintiff's Reply**

In his reply, plaintiff accuses defendants of lying in their responses.  (ECF No. 56 at 2.) Specifically, with regard to the dispute over video footage of the incident.  Plaintiff alleges that defendants seek to avoid production of the footage because it supports his allegations.  (Id.)  He states that defendants have acknowledged that the surveillance system was operating on the day of the incident and ISU officers viewed the footage.  (Id.)  He believes defendants have the video, but simply refuse to produce it.  (Id. at 3.)  Plaintiff requests that the court order defendants to
////

3

1  "produce the requested discovery" or initiate an investigation "into the missing video footage by
2  the proper authorities." (<u>Id.</u> at 4.)

3  **LEGAL STANDARDS**

4  **I.      Discovery**

5       Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery
6  regarding any non-privileged matter that is relevant to any party's claim or defense and
7  proportional to the needs of the case, considering the importance of the issues at stake in the
8  action, the amount in controversy, the parties' relative access to relevant information, the parties'
9  resources, the importance of the discovery in resolving the issues, and whether the burden or
10 expense of the proposed discovery outweighs its likely benefit.  Information within the scope of
11 discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

12      "Relevance for purposes of discovery is defined very broadly."  <u>Garneau v. City of</u>
13 <u>Seattle</u>, 147 F.3d 802, 812 (9th Cir. 1998).  In response to a request for production of documents
14 under Rule 34, a party is to produce all relevant documents in its "possession, custody, or
15 control."  Fed. R. Civ. P. 34(a)(1).  The purpose of discovery is to "remove surprise from trial
16 preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."
17 <u>United States v. Chapman Univ.</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation
18 omitted).

19 **II.      Motions to Compel**

20      Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may
21 move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.
22 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or
23 incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have
24 'broad discretion to manage discovery and to control the course of litigation under Federal Rule
25 of Civil Procedure 16.'"  <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting
26 <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

27      "The party seeking to compel discovery has the burden of establishing that its request
28 satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery

4

1   has the burden of showing that the discovery should be prohibited, and the burden of clarifying,

2   explaining or supporting its objections." <u>Bryant v. Ochoa</u>, No. 07cv200JM (PCL), 2009 WL

3   1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted).  Specifically, the party moving to

4   compel bears the burden of informing the court (1) which discovery requests are the subject of the

5   motion to compel, (2) which of the responses are disputed, (3) why the party believes the

6   response is deficient, (4) why any objections are not justified, and (5) why the information sought

7   through discovery is relevant to the prosecution of this action.  <u>McCoy v. Ramirez</u>, No. 1:13-cv-

8   1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); <u>Ellis v. Cambra</u>, No. 1:02-cv-

9   5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

10         **III.    Official Information Privilege**

11         With respect to a claim of privilege, "[f]ederal common law recognizes a qualified

12   privilege for official information. Government personnel files are considered official information.

13   To determine whether the information sought is privileged, courts must weigh the potential

14   benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars

15   discovery." <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (internal

16   citations omitted).  In the context of civil rights action, "this balancing approach is moderately

17   'pre-weight[ed] in favor of disclosure.'"  <u>Bryant v. Armstrong</u>, 285 F.R.D. 596 (S.D. Cal. 2012)

18   (quoting <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653, 661 (N.D. Cal. 1987)).

19         This court's duty to balance the parties' interests in disclosure are triggered when the

20   party opposing disclosure makes a "substantial threshold showing."  <u>Soto v. City of Concord</u>, 162

21   F.R.D. 603, 613 (N.D. Cal. 1995) (quoting <u>Kelly</u>, 114 F.R.D. at 669).  The party invoking the

22   privilege, must make a "substantial threshold showing" by providing a declaration or affidavit

23   from a responsible official with personal knowledge of the matters to be attested to in the

24   affidavit.  <u>Soto</u>, 162 F.R.D. at 613; <u>see also</u> <u>Stevenson v. Blake</u>, No. 11-103 LAB (WVG), 2012)

25   WL 3282892, at *2 (S.D. Cal. Aug. 10, 2012).  The declaration must include: "(1) an affirmation

26   that the agency has maintained the confidentiality of the documents at issue; (2) a statement that

27   the official has personally reviewed the documents; (3) a specific identification of the

28   governmental or privacy interests that would be compromised by production; (4) a description of

5

how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to these interests; and (5) a projection of how much harm would be done to these interests if disclosure were made." Soto, 162 F.R.D. at 613 (citing Kelly, 114 F.R.D. at 670).  "A strong affidavit would also describe how the plaintiff could acquire information of equivalent value from other sources without undue economic burden." Id.

"If the withholding party does not meet this initial burden, the court will order disclosure of the documents; if the party meets this burden, the court generally conducts an in camera review of the material and balances each party's interests." Davis v. Schneider, 2020 WL 9074713 at *7 (citing Soto, 162 F.R.D. at 613; Kelly, 114 F.R.D. at 671).

## ANALYSIS

Plaintiff seeks to compel production of: (1) documents contained in defendants' personnel files; (2) complaints filed by other inmates against defendants; (3) video footage of the incident; (4) a confidential supplement to the appeal inquiry related to the appeal number MCSP-A-19-02205 filed regarding the incident giving rise to the claim; and (5) documents related to appeal number MCSP-A-19-02006, which was filed by another inmate against defendant Canela.  (ECF No. 50.)  The court will address each request in turn as set forth below.

### I.    Plaintiff's Request for Production No. 1

#### A.  Plaintiff's Request

Plaintiff seeks an order compelling production of documents contained in defendants' personnel files.  (ECF No. 50 at 3.)  Defendants objected to plaintiff's requests "as impermissibly overbroad and unduly burdensome" particularly in light of the narrow scope of plaintiff's claim, as compared with the documents plaintiff has requested.  (ECF No. 54 at 2, 3-8.)  Defendants also asserted the official information privilege.  (Id.)

#### B.  Arguments

Plaintiff argues defendants' personnel files are necessary to show that his rights were violated.  (ECF No. 50 at 6.)  Plaintiff further argues that defendants' personnel files are relevant under Federal Rule of Evidence ("FRE") 404(b) because they "demonstrate[] defendants' intent, ////

motive, and plan to subvert prison procedures to assault inmates in violation of their

constitutional rights."  (ECF No. 50 at 6.)

Defendants argue the motion should be denied because plaintiff's requests are overly

broad, unduly burdensome, and not proportional to the discovery needs of the case.  (ECF No. 54

at 8.)  Defendants further argue that plaintiff did not request defendants' personnel files as he

states in his motion to compel, and they cannot be compelled to produce what was not requested.

(Id.)  Additionally, defendants claim plaintiff has failed to overcome their assertion of the official

information privilege.  (Id.)

Both parties have indicated a willingness to have the court conduct in camera review to

determine whether the documents should be produced.  (ECF No. 50 at 8; ECF No. 54 at 9 fn. 3.)

### C. Analysis

#### 1. Relevance

The court agrees with defendants that plaintiff's request for production is potentially

overbroad as it is not limited in time.  However, plaintiff's claims in this action are not as narrow

as defendants allege in their opposition.  Upon screening the court determined that plaintiff's

allegations were sufficient to state potentially cognizable claims that: (1) Knight used excessive

force against him; (2) defendants Junes, Coder, Achterberg, Vina, Farran, and Canela failed to

protect him; and (3) defendants Pasioles, Ancheta, Paul, Junes, Coder, Achterberg, Vina, Farran,

Canela, Smith conspired to violate his rights during the disciplinary hearing process.  (ECF No. 7

at 5-8.)  Therefore, plaintiff is entitled to discovery materials related to those claims, not simply

documents related to plaintiff's excessive force and failure to protect claims.

Accordingly, the documents contained in defendants' personnel files are relevant to

plaintiff's claims in this action.  See Zackery v. Stockton Police Dept., No. CIV S-05-2315 MCE

DAD P, 2007 WL 1655634, at *2 (in excessive force cases, the officers' "personnel file

information has been found to be quite relevant because they may reveal the defendant officers'

credibility, motive and patterns of behavior"); Harris v. German, No. 1:15-cv-1462 DAD GSA

PC, 2019 WL 4640503 at *8 (E.D. Cal. Sept. 24, 2019) (citations omitted) ("In an excessive force

////

7

case such as this, the relevance and discoverability of officers' disciplinary records, including

unfounded complaints and allegations of misconduct, are widely recognized.").

### 2. SB1421

In response to defendants' claim of privilege, plaintiff argues that SB 1421[2] entitles him to

production of defendants' personnel files.  However, plaintiff is advised that, in section 1983

cases, federal law, not state law, applies to resolve questions of privilege.  Kerr v. U.S. Dist.

Court for the N. Dist. Of Cal., 511 F.2d 192, 197 (9th Cir. 1975), aff'd 426 U.S. 394 (1976).

"Questions of privilege that arise in the course of the adjudication of federal rights are governed

by the principles of common law as they may be interpreted by the courts of the United States in

light of reason and experience."  U.S. v. Zolin, 491 U.S. 554, 562 (1989) (citing Fed. Rule Evid.

501).

Thus, because California law plays no part in construing the Federal Rules of Evidence,

there is no need to consider state law in determining privilege questions.  Miller v. Panucci, 141

F.R.D. 292, 299 (C.D. Cal. Jan. 21, 1992).

### 3. Official Information Privilege

In support of their assertion that defendants' personnel files are privileged, defendants

provided a privilege log (ECF No. 54-3 at 4-16) and the declaration of T. Finch, Institutional

Personnel Officer at MCSP (ECF No. 54-3 at 28-31).

In the declaration, Finch states that MCSP has maintained the confidentiality of the files.

(Id. at 29 ¶ 3.)  Finch further avers that they "are familiar with the personnel files of Defendants"

and they have "reviewed the documents at MCSP that are being withheld." (Id. at 29, 31 ¶ 3, 6.)

Finch states "the institution has a substantial interest in preventing documents containing this type

of information from falling into the hands of inmates, parolees, or their family members," the

release "would undermine staff's authority and interfere with their ability to do" their job, and

---

[2] California Senate Bill No. 1421 (SB 1421) "revised the state's law on privilege and
confidentiality of peace officer personnel records," Washington v. Hicks, No. 1:19-cv-00156-
NONE-GSA-PC, 2021 WL 5967906 at *6 (E.D. Cal. Dec. 16, 2021), by amending "California
Penal Code Section 832.7 to allow disclosure under the California Public Records Act (CPRA) of
records" relating to, among other things, serious use of force.  Ventura County Deputy Sheriffs'
Assn., v. County of Ventura, 61 Cal. App. 5th 585, 589 (2021).

1   "inmates who obtain confidential information are at risk from other inmates who may use force to

2   obtain it."  (Id. at 29-30 ¶ 4, 5.)

3         Finch's declaration further states that "[d]isclosure subject to a carefully crafted protective

4   order would still create a substantial risk of harm to significant governmental or privacy interests"

5   (Id. at 31 ¶ 7) and "[w]hile it is difficult to quantify" the harm that would be done if the

6   documents were disclosed, it would have a "chilling impact . . . on the willingness of department

7   employees to share potentially important information with the department as it relates to job

8   qualifications and performance," as well as "disciplinary force inquiries, use-of-force reviews,

9   and internal-affairs investigations" (Id. at 30 ¶ 4.)

10         The court finds that defendants have failed to satisfy the third, fourth, and fifth prongs of

11   the Kelly burden.  Finch states disclosure of the requested materials could prevent employees

12   from sharing information.  However, assertions that staff candor could be impacted are not

13   sufficient to satisfy the Kelly burden.  Kelly, 114 F.R.D. at 665.  The descriptions of the

14   responsive documents in the privilege log indicate responsive documents are letters of instruction

15   and notice of adverse action.  (See ECF No. 54-3 at 4-5.) Personal information about CDCR staff

16   could be redacted from these documents mitigating the alleged harm.  Kelly, 114 F.R.D. at 666

17   ("the weight of law enforcement's interest drops dramatically . . . when imposes a tightly drawn

18   protective order on the disclosure of such material").  Finally, denying plaintiff the ability to view

19   discoverable materials based on his status as a pro se inmate is not sufficient to warrant denial of

20   the motion to compel.  Davis, 2020 WL 9074713 at *8.  Particularly because Finch's declaration

21   states they are not able to quantify the potential for harm if the documents are produced.  (ECF

22   No. 54-3 at 31.)

23         Because defendants have failed to satisfy the Kelly burden, the court is required to

24   overrule the official information privilege objection.  Additionally, the court is not required to

25   conduct an in camera review of the documents defendants withheld or balance the parties'

26   interests.

27   ////

28   ////

1        **D.  Ruling**

2         Defendants will be ordered to disclose the documents identified in the privilege log as

3    responsive to plaintiff's request for production number 1.  However, the court will allow

4    defendants time to request redactions and/or a protective order to address concerns regarding the

5    release of potentially sensitive information.

6    **II.        Plaintiff's Request for Production No. 2**

7             **A.  Plaintiff's Request**

8         Plaintiff requested "production of all inmate grievances against defendants in connection

9    with the use of force, failure to protect from assault, falsification of the Rule Violation Reports,

10   retaliation, and any form of harassment."  (ECF No. 50 at 3.)

11            **B.  Arguments**

12        Defendants argue plaintiff has not addressed the confidentiality issue and while he cited

13   FRE 404(b) he has not explained why he is entitled to other inmates' appeals, complaints, or

14   grievances.  (ECF No. 54 at 18.)  Defendants further argue that other inmates' grievances are

15   merely accusations, not proof that the conduct occurred and allege plaintiff failed to address

16   defendants' objections.  (Id. at 17, 19.)  Defendants also argue that plaintiff's request are not

17   limited in time or proportional to the needs of the case.  (Id. at 17.)

18        In support of his motion to compel, plaintiff argues complaints submitted by other inmates

19   could lead to discovery of admissible evidence and may be used to show an officer's habit or a

20   "pattern or plan to intentionally" harm inmates "under the guise of carrying out prison

21   procedures."  (ECF No. 50 at 7.)

22            **C.  Analysis**

23        "Information within [the] scope of discovery need not be admissible in evidence to be

24   discoverable."  Fed. R. Civ. P. 26(b)(1).  Additionally, while character evidence may not be

25   admissible at trial, admissibility is not the test for discovery because that evidence may be

26   admissible for other purposes.  Taylor v. O'Hanneson, No. 1:11-cv-00538 LJO SAB (PC), 2014

27   WL 2696585, at *5 (E.D. Cal. June 13, 2014).  Inmate complaints could also be relevant to show

28   defendant's state of mind and motive.  Nehad v. Browder, No. 15-CV-1386 WQH NLS, 2016

1    WL 2745411, at *2 (S.D. Cal. May 10, 2016) (holding plaintiff may discover complaints against

2    the defendant officer "that are similar to the complaint made in this case" because they may be

3    relevant to a showing of officer's state of mind); Tate v. Andres, 2020 WL 1984151 at *3

4    ("Although instances of misconduct related to other inmates would not directly prove that

5    defendant retaliated against plaintiff, used excessive force, or was deliberately indifferent to his

6    medical needs, sufficient similarities in complaints could potentially demonstrate a pattern of

7    conduct by defendant that would speak to his intent, which is a necessary component to each of

8    the claims against him.").

9        Defendants' characterization that plaintiff's claims in this action are limited to whether

10   Knight used excessive force and the remaining defendants failed to protect him, oversimplifies

11   the claims identified in the courts June 9, 2020, screening order (ECF No. 7 at 5-8).  The court is

12   therefore unable to determine how many of the withheld complaints identified in the privilege log

13   involve incidents similar to plaintiff's claims in this action.

14       In support of their claim of official information privilege defendants provided the

15   declaration of Correctional Counselor II, M. Slusher.  (ECF No. 54-3 at 24-26.)  Therein, Slusher

16   states that appeals filed by other inmates are kept confidential for privacy safety and security

17   reasons.  (Id. at 25 ¶ 6.)  Slusher further states inmates such as plaintiff could use personal or

18   private information contained in the appeals "for purposes of controlling other inmates or

19   orchestrating an attack." (Id. at 25-26 ¶ 6.)  As a result, Slusher states, allowing plaintiff access

20   to other inmates' appeals cold potentially undermine the inmate appeal process or increase the

21   likelihood of an altercation between inmates.  (Id. at 26 ¶ 6.)

22       Slusher's declaration fails to state that Slusher has personally reviewed the contested

23   documents as required to invoke the official information privilege.  Kelly, 114 F.R.D. at 669-70.

24   Additionally, Kelly advises little weight should be given to the purported interest in preserving

25   the anonymity of complainants.  Id. at 666.  Moreover, redaction of information identifying the

26   inmates who filed the appeals should be sufficient to address the privacy and security concerns

27   raised in Slusher's declaration.  Pitts v. Davis, No. 2:12-cv-0823 TLN AC P, 2015 WL 6689856,

28   at *6 (E.D. Cal. Oct. 30, 2015) (redaction of identifying information sufficient to address privacy

and security concerns associated with production of inmate appeals).  Accordingly, the court finds

defendants have failed to make a "substantial threshold showing" as a basis for withholding

documents pursuant to the official information privilege.

### D.  Ruling

For these reasons, plaintiff's motion to compel will be granted and defendants will be

directed to produce copies of any inmate appeals responsive to plaintiff's request for production

number 2 and identified in the privilege log as responsive to that request.  Defendants may redact

identifying information of other inmates, which the court recognizes may extend beyond the

names and CDCR numbers of those inmates.  The court does find merit in defendants' argument

that plaintiff's request is overbroad because it is not limited in time.  Thus, the court will limit the

discoverable documents to those regarding incidents occurring no more than ten years prior to the

incident at issue in this case.

### III.      Plaintiff's Request for Production No. 3

### A.  Plaintiff's Request

Plaintiff sought production of the video footage from surveillance monitors on A Facility

June 3, 2019, between 6:30 and 8:30 a.m.  (ECF No. 50 at 3.)

Defendant Knight responded to plaintiff's request to produce the requested video footage

by informing plaintiff "that no such footage exists."  (ECF No. 54 at 19.)  Defendants allege in

their opposition, that fifteen minutes of footage was requested from MCSP's Investigative

Services Unit (ISU).  (ECF No. 54 at 19.)  ISU's response, stated that "there was no footage of

evidentiary value captured identifying any staff or inmate misconduct.  (Id. at 19.)  Because of

this statement, the footage was not retained.  (Id.)  Brunkhorst and Pasioles reviewed the footage

and determined it did not capture any staff or inmate misconduct.  (Id. 20.)  They further state that

the "video quality was so poor that neither Brunkhorst nor Pasioles could distinguish between

inmates and staff or see any staff misconduct in the time frame viewed."  (Id.)

### B.  Arguments

Plaintiff argues his request is "reasonably calculated to lead to the discovery of admissible

evidence," and claims defendants have repeatedly resisted production of video of the incident

1  because he alleges it would serve his interests. (ECF No. 50 at 9-10.) Defendants argue they

2  should not be compelled to produce the requested footage because no such footage exists.  (ECF

3  No. 54 at 19-20.)  In the reply, plaintiff disputes defendant's assertion that video footage of the

4  incident does not exist.  (ECF No. 56 at 2-5.)

5          **C.  Analysis**

6          Defendants state that they did not retain footage of the incident.  (ECF No. 54 at 19-20.)

7  Thus, they cannot be compelled to produce something that does not exist.  See Boyd v.

8  Etchebehere, No. 1:13-cv-1966 LJO SAB PC, 2017 WL 1278047, at *3 (E.D. Cal. Jan. 13, 2017)

9  ("Plaintiff is required to accept defense counsel's representation that such documentation either

10 does not exist or cannot be located, and Defendant cannot be compelled to provide copies of

11 documents that do not exist.").  Plaintiff believes that defendants possess video footage of the

12 incident.  (ECF No. 56 at 2-3.)  However, he is required to accept the response provided.  See

13 Scott v. Palmer, No 1:09-cv-1329 LJO SKO (PC), 2014 WL 6685810 at *3 (E.D. Cal. Nov. 26,

14 2014) ("While plaintiff may be disinclined to trust Defendants' discovery responses, he is in a

15 position no different than any other civil litigant: in the absence of legal or fact-based substantive

16 deficiencies, he is required to accept the responses provided.").

17         Accordingly, plaintiff's motion to compel production of video footage that was not

18 retained will be denied.  See Haney v. Johnson, No. 2:16-cv-1173 TLN KJN P, 2019 WL

19 3503395 at *7 (E.D. Cal. Aug. 1, 2019) (denying motion to compel production of video footage

20 that did not exist).

21         Whether defendants' failure to retain the requested footage amounts to spoliation[3] of

22 evidence has not been raised by plaintiff and therefore will not be addressed.  "The failure to

23 preserve electronic or other records, once the duty to do so has been triggered, raises the issue of

24 spoliation of evidence and its consequences."  Thompson v. U.S. Dept. of Housing & Urban

25 Dev., 219 F.R.D. 93, 100 (D. Md. 2003).  Additionally, plaintiff may have the right to seek

26 ───────────────

27 [3] "Spoliation is the destruction or material alteration of evidence, or failure to otherwise preserve
   evidence, for another's use in litigation."  U.S. Legal Support, Inc. v. Hofioni, 2014 WL 172336
   at *3 (E.D. Cal. Jan. 15, 2014) (citing Ashton v. Knight Transp., Inc., 772 F. Supp. 2d 772, 799-

28 800 (N.D. Tex. Feb. 22, 2011)).

sanctions if he can show: "(1) the party having control over the evidence had an obligation to preserve when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery."  Goodman v. Praxair Servs., Inc., 632 F. Supp. 2d 494, 509 (D. Md. 2009) (quoting Thompson, 219 F.R.D. at 101); see also Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 520-21 (D. Md. 2010); In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1070-78 (N.D. Cal. 2006).

### D.  Ruling

Plaintiff's motion to compel production of video footage of the incident is denied because defendants have averred that the requested footage does not exist.

## IV.   Plaintiff's Request for Production No. 4

### A.  Plaintiff's Request

Plaintiff requested "production of documents reflecting C. Smith's statement during the investigation by defendant D. Pasioles in connection with inmate appeal log number MCSP-A-192205." (ECF No. 50 at 4.)  He further states that he seeks the production of the "Confidential Supplement to Appeal, Appeal/Allegation Inquiry, [to] MCSP-A-19-02205." (Id. at 11.)

Plaintiff further states that if he cannot review the document himself, he requests that the court conduct in camera review of the document to determine if it is relevant if the court finds plaintiff cannot view the evidence himself.  (ECF No. 50 at 11.)

### B.  Arguments

Defendants cite the official information privilege and argue that the document should be kept confidential to avoid jeopardizing the safety and security of the institution.  (ECF No. 54 at 20.)  They further argue that plaintiff has not met his burden of showing some interest that would be harmed by upholding the privilege as required under Kelly.  (Id. at 21.)

### C.  Analysis

In support of their claim that the information sought is subject to the official information privilege, defendants again rely on the declaration of M. Slusher.  (ECF No. 54-3 at 24-26.)  Slusher states the documents at issue are kept confidential by CDCR, they have reviewed the

14

confidential supplement to the appeal and producing the document could impact institutional

safety and security.  (Id. at 24-25 ¶ 1.)

Courts have held that investigative documents regarding excessive force complaints are

discoverable.  See Grigsby v. Munguia, No. 2:14-cv-0789 GEB AC P, 2016 WL 900197, at *4

(E.D. Cal. Mar. 9, 2016) (information uncovered during an investigation of plaintiff's excessive

force claim is discoverable), mot. for recon. granted in part, 2016 WL 1461614, at *1 (E.D. Cal.

Apr. 14, 2016) (requiring CDCR investigative report to be reviewed in camera before being

provided to plaintiff); Parks v. Tait, No. 08-CV-1031-H JMA, 2009 WL 4730907, at *6 (E.D.

Cal. Dec. 7, 2009) (investigative reports regarding plaintiff's excessive force allegations are

discoverable).

However, as defendants point out, plaintiff has failed to articulate, in both his motion and

the response, how the requested information is relevant, the interest that would be harmed if the

supplement is not disclosed, and how extensive the harm would be as required by Kelly, 114

F.R.D. 671.  Accordingly, the court cannot conclude that the requested document should be

disclosed over defendants' claim of privilege.

### D.  Ruling

Plaintiff's motion to compel production of the confidential supplement to appeal log

number MCSP-A-19-02205 is denied.

## V.      Plaintiff's Request for Production No. 5

### A.  Plaintiff's Request

Plaintiff seeks production of a documents related to a grievance (appeal log number

MCSP-A-19-2006) filed by another inmate against defendant Canela.  (ECF No. 50 at 11, 40.)

Defendants objected to the request as not relevant and therefore outside the scope of discovery.

(ECF No. 54 at 17.)

### B.  Arguments

In support of his motion to compel plaintiff concludes that "appeals/complaints submitted

by other inmates alleging misconduct . . . would be reasonably calculated to lead to the discovery

of admissible evidence."  (Id. at 11.)

1    In response, defendants stated the requested document is not relevant, information and

2    documents related to other inmates are confidential, and cited the official information privilege.

3    (ECF No. 54 at 17.)

4         **C.  Analysis**

5         The court agrees that plaintiff has not explained why documents related to the appeal filed

6    by another inmate against defendant Canela are relevant to his claims in this action.  See Williams

7    v. Adams, No. 1:05-cv-00124 AWI SMS PC, 2009 WL 1220311 at *2 (E.D. Cal. May 4, 2009)

8    (Plaintiff has the burden of demonstrating the relevance of the requested information to his

9    claim.).  Because plaintiff has not explained how the appeal filed by another inmate is relevant,

10   the court declines to order production of documents connected to the appeal.

11        **D.  Ruling**

12        Plaintiff's motion to compel production of materials related to grievance MCSP-A-19-

13   02006 filed against defendant Canela is denied.

14   **VI.    Plaintiff's Request for an Award of Expenses under Rule 37(a)(5)**

15        Plaintiff requests "an award of reasonable expenses incurred in bringing [the] motion

16   under Rule 37(a)(5).  (ECF No. 50 at 2.)  Defendants argue an award of expenses is not warranted

17   because their objections and assertions of privilege were well-founded.  (ECF No. 54 at 21.)

18   Additionally, defendants state that plaintiff failed to provide any evidence showing what expenses

19   he incurred in bringing the motion.  (Id.)

20        Rule 37(a)(5) provides in part, "If the motion [to compel] is granted . . . the court must,

21   after giving opportunity to be heard, require the party or deponent whose conduct necessitated the

22   motion . . . to pay the movant's reasonable expenses incurred in making the motion, including

23   attorney's fees" unless "other circumstances make an award of expenses unjust."  Fed. R. Civ. P.

24   37(a)(5)(A)(iii).  The court will decline to order defendants to pay plaintiff's costs because

25   defendants did not act in bad faith in objecting to plaintiff's requests and the motion was granted

26   in part.  See Rodgers v. Martin, No. :12-cv-1686 AWI MJS (PC), 2014 WL 4344499 at *7 (E.D.

27   Cal. Aug. 29, 2014) (Court denied plaintiff's request to order defendants to pay costs plaintiff

28   incurred in bringing a motion to compel that was granted in part).

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 50) is granted in part and denied in part as follows:

1. Plaintiff's motion to compel as to request for production number one is granted. Within fourteen days of the date of this order defendants shall submit any proposed protective order and/or proposed redactions for documents responsive to plaintiff's request for production number one. If defendants wish to redact any of the documents, they must submit the documents with proposed redactions highlighted so that they court may review in camera the content of the redaction. Additionally, defendants must provide an explanation for each proposed redaction, including any supporting declaration from the authorized custodian.

2. Plaintiff's motion to compel as to request for production number two is granted. Within fourteen days of the date of this order, defendants shall submit documents identified in the privilege log as response to request for production number two with proposed redactions. Proposed redactions shall be submitted as set forth above.

3. Plaintiff's motion to compel as to request for production number three is denied.

4. Plaintiff's motion to compel as to request for production number four is denied.

5. Plaintiff's motion to compel as to request for production number five is denied.

6. Plaintiff's request for costs pursuant to Federal Rule of Civil Procedure 37 is denied.

7. Defendants shall have ten days to serve the requested documents on plaintiff from the date the court issues any protective and/or redaction order.

Dated: March 28, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/rodr2552.mtc 3.22

17