UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELADIO RODRIGUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>G. KNIGHT, et al.,<br><br>    Defendants. | No.  2:19-cv-2552 DB P<br><br><br>ORDER |

  Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges defendants used excessive force and denied him due process in violation of his rights under the Eight and Fourteenth Amendments.  Presently before the court is plaintiff's second motion to appoint counsel.  (ECF No. 70.)

**I. Plaintiff's Motion to Appoint Counsel**

  In support of his motion, plaintiff argues the court should appoint counsel because he cannot afford counsel and defendants are refusing to produce discovery materials based on his status as an inmate proceeding pro se.  (ECF No. 70.)  By order dated March 28, 2022, the undersigned granted in part and denied in part plaintiff's motion to compel (ECF No. 50).  (ECF No. 61.)  Defendants moved for reconsideration arguing against disclosure of certain documents based in part on plaintiff's status as a pro se inmate.  Plaintiff feels that appointment of counsel

////

would alleviate the concerns defendants have regarding the release of confidential information to a pro se inmate.

## II.     Legal Standard

The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C §1915(e)(1).  Terrell v. Brewer, 935 F.2nd 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved.  See Wilborn v. Escalderon, 798 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

## III.    Analysis

In the present case, the court does not find the required exceptional circumstances. Plaintiff has cited circumstances that are common to most inmates in support of his motion. Plaintiff's difficulty with discovery shared by all incarcerated litigants proceeding pro se and does not rise to the level of exceptional circumstances. Fierro v. Smith, No. 19-16786, 2022 WL 2437526, at *2 (9th Cir. 2022) (noting that the difficulties pro se prisoner face in navigating discovery is not by itself sufficient for appointment of counsel); see also Choquette v. Warner, No. 3:15-cv-05838-BHS-JRC, 2016 WL 11622951, at *1 (W.D. Wash. 2016) (finding that desire for assistance with discovery is not an exceptional circumstance).

Plaintiff has shown he is able to able to articulate his claims considering the complexity of the legal issues involved.  For example, plaintiff has filed a motion to compel, extensively citing relevant legal authority and has properly responded to defendant's motions.  (See ECF Nos. 50, 56.)

////

Additionally, at this stage of the proceedings, the court cannot evaluate plaintiff's likelihood of success on the merits. It would be premature, as defendant's motion for summary judgment has not yet been fully briefed. (ECF No. 73.)

Therefore, the court finds that plaintiff has failed to satisfy the rigorous standards required for appointment of counsel. The undersigned will deny the motion to appoint counsel without prejudice to its renewal at a later stage of the proceedings.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 70) is denied.

Dated: July 8, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:Ext
DB/DB Prisoner Inbox/Civil Rights/R/rodr2552.31

3