UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELADIO RODRIGUEZ,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>G. KNIGHT, et al.<br><br>　　　　Defendants. | No. 2:19-cv-02552-DJC-DB<br><br><br><br>ORDER |

Presently before the Court is Defendants' Motion for Reconsideration of the Magistrate Judge's order on the Plaintiff's Motion to Compel. (Mot. (ECF No. 66.) While the Court upholds the Magistrate Judge's ultimate order to compel production of documents responsive to Plaintiff's Request for Production ("RFPs") Nos. 1 and 2, the Court places limits on the scope of discovery where appropriate and required by law. Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

**I.　　Background**

Plaintiff Eladio Rodriguez field this suit against Defendants alleging use of force; failure to protect; and conspiracy to violate Plaintiff's rights during the prison disciplinary process while he was an inmate at Mule Creek State Prison. (Compl. (ECF No. 1) at 1-7.) The alleged excessive use of force occurred on June 3, 2019. (*Id.* at 5.)

1

Plaintiff filed a motion to compel discovery on January 6, 2022 after Defendants objected to Plaintiff's RFPs. (ECF No. 50.) Magistrate Judge Deborah Barnes ruled on the motion, granting in part and denying in part, on March 29, 2022. (ECF No. 61.) Defendants filed the present Motion for Reconsideration of the Magistrate Judge's order on April 12, 2022, requesting reconsideration of the rulings pertaining only to RFPs No. 1 and 2. (Mot. at 1-2.)

## II. Legal Standard

Pursuant to Local Rule 303, any party may file and serve a "Request for Reconsideration by the District Judge of Magistrate Judge's Ruling." *See* L.R. 303(c). A Magistrate Judge's ruling may be modified by the District Judge only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). "The clear error standard requires that the reviewing court affirm unless, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed." *Martin v. Loadholt*, No. 1:10-CV-00156-LJO-MJ, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). A decision is contrary to law where "it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.*

## III. Discussion

In response to a motion to compel discovery, a court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). To succeed on a motion to compel discovery, the moving party must establish that its request satisfies Rule 26(b)(1) of the Federal Rules of Civil Procedure, *i.e.* that the request is relevant and not overbroad. *See Bryant v. Ochoa*, No. 07-cv-2000-JM-PCL, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).

"Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). Discovery of information "relevant to the subject matter" is authorized "if it might reasonably assist a party in evaluating the

2

case, preparing for trial or facilitating settlement thereof." *Campos v. San Francisco State Univ.*, No. C-97-2326 MMC PJH, 1999 WL 35140127, at *2 (N.D. Cal. Mar. 19, 1999).  However, If a discovery request is "outside the scope permitted by Rule 26(b)(1)" the court "must limit the frequency or extent of discovery . . . ."  FRCP (b)(2)(C).

### A.     Plaintiff's Requests for Production No. 1

Plaintiff's RFPs No. 1[1] seek documents contained within defendants' personnel files, including "corrective action documents."  (*See, e.g.*, ECF No. 50 at 25.)  Defendants argue that the Magistrate Judge failed to properly limit the scope of these RFPs by failing to limit the "type of disciplinary records and their relations to the claims at issue here," and by not imposing a time limit on the requests.  (Mot. at 3.)

#### i.     Substantive scope of discovery

Defendants interpret RFPs No. 1 to request "every disciplinary document" contained within the personnel files regardless of its relation to the claims asserted by Plaintiffs.  (*Id.*)  They argue that such a request is overbroad as it would require production of irrelevant records.  (*Id.*)

This Court does not interpret the requests in the same way.  While the Plaintiff's RFPs could be read to posit "any corrective action documents" as a discrete request, the Court instead finds that the clause refers to those corrective action documents regarding the preceding subjects.  For example, Plaintiff's RFP No. 1 to Defendant Knight reads:

> Produce complaints, reports, memos, directives or any other correspondences regarding the falsification of Rule Violation Reports alleging false charges against inmates, falsification of documents/reports to cover up misconduct by correctional staff, reports reflecting retaliatory conduct, reports reflecting the concealment of exculpatory evidence, reports reflecting the misuse or manipulation of inmate informant procedures (see California Code of

---

[1] As Plaintiff has issued a separate but similar RFP for each Defendant the Court will refer to and analyze the similar RFPs collectively.

Regulations, Title 15, § 3321 et seq.), and any corrective action documents within defendant G. Knight's personnel file.

This RFP is requesting only those corrective action documents which relate to the falsification of Rule Violation Reports alleging false charges against inmates, falsification of documents/reports to cover up misconduct by correctional staff, reports reflecting retaliatory conduct, and so on.  The Magistrate Judge properly recognized that these requests were related to the allegations raised in the complaint and therefore relevant.  (ECF No. 61 at 7.)

Upon the Court's review of Plaintiff's RFPS No. 1, the Court does note two requests that are not relevant to the allegations.  In RFPs No. 1 to Defendants Coder and Vina, the Plaintiff requests records relating to "inciting inmate on inmate violence."  (ECF No. 50 at 55, 72.)  Disciplinary records that do not pertain to similar acts as those alleged are not relevant.  *See Centeno v. City of Fresno*, No. 1:16-cv-00653-DAD-SAB, 2016 WL 7491634, at *5 (E.D. Cal. Dec. 29, 2016) (collecting cases finding that Plaintiffs were not entitled to discovery of officer incidents not involving similar allegations); *see, e.g.*, *Harbridge v. Yates*, 2015 WL 8213561, at *2 (E.D. Cal. Dec. 8, 2015) (request for discovery on demotion due to alleged sexual harassment has no relation to excessive force action).  In his complaint, Plaintiff does not allege any incitement of "inmate on inmate violence," and the requests for related documents are therefore not relevant or discoverable.

While this Court upholds the Magistrate Judge's order granting the Plaintiff's Motion to Compel as to RFPs No. 1, it will modify the order to not require production of documents in Defendants Coder and Vina's personnel files regarding "incitement of inmate on inmate violence."  Barring this exception, Defendants must produce all corrective action documents which relate to the subjects listed in each RFP No. 1.

### ii. Temporal scope of discovery

Defendants also argue that the Magistrate Judge committed an error in failing to limit the temporal scope of RFPs No. 1.  (Mot. at 6.)  While the Magistrate Judge did

recognize that RFPs No. 1 were "potentially overbroad as [they] are not limited in time," the Magistrate Judge failed to address the issue any further.  (ECF No. 61 at 7.)

"[T]he right to discovery, even plainly relevant discovery, is not limitless." *Lallemand v. Cnty. of Los Angeles*, No. CV 17-0781-AK-SSX, 2018 WL 6136814, at *2 (C.D. Cal. Jan. 12, 2018).  Under Federal Rule of Civil Procedure 26, courts must consider the proportional benefit of the discovery requested to the burden imposed, including consideration of the remoteness of discovery.  *See id.* at 9 (request for personnel files stretching 10 years back was overbroad); *Est. of Najera-Aguirre v. Cnty. of Riverside*, No. EDCV18762DMGSPX, 2019 WL 6898944, at *3 (C.D. Cal. Aug. 22, 2019) (personnel file listing misconduct from 20 years prior to incident was too remote in time to be discoverable).

Other courts have limited the temporal scope of discovery of personnel files for similar claims to five years.  *See, e.g.*, *Wheeler v. Alison*, No. 1:12-cv-00861-LJO-DLB-PC, 2015 WL 269148 * 3 (E.D. Cal. Jan. 21, 2015); *Lavenant v. City of Palm Springs*, No. ED-CV-17-2267-KK2019, WL 6139114 * 4 (C.D. Cal. Aug. 6, 2019); *Hayslett v. City of San Diego*, No. 13–CV–1605–W (BGS), 2014 WL 1154314 * 4 (S.D. Cal. March 21, 2014); *see also Lallemand*, 2018 WL 6136814 at *2 (compelling discovery after Plaintiff limited the scope of his request to five years).

The failure to consider the temporal scope of discovery is against the weight of authority and contrary to law.  The Court will impose a time limit of five years preceding the earliest incident alleged for Plaintiff's RFPs No. 1.  Defendant's motion is GRANTED as to the request to limit discovery of RFPs No. 1 to five years.

**B.    Plaintiff's Requests for Production No. 2**

Plaintiffs RFPs No. 2 request "inmate grievances" filed against the Defendants in connection with the conduct alleged.  (ECF No. 50 at 9.)  Defendants request clarification on the Magistrate Judge's order to produce "any inmate appeals responsive to plaintiff's request for production number 2 and identified in the privilege log as responsive," (ECF No. 61 at 12), and argue that the ten-year discovery

time period imposed by the Magistrate Judge is overbroad. (Mot. at 7-9.)

### i. Substantive scope of discovery

Defendants ask this Court to clarify whether the Magistrate Judge's order requires them to produce "documents related to [inmate] grievances, including appeal responses and confidential appeal inquiries," or only the grievance forms themselves. (Mot. at 9.) Based on the Magistrate Judge's findings as to the relevance of inmate grievances, and the Plaintiff's failure to support a need for appeal materials in his own case, (*see* ECF No. 61 at 14-15), this Court interprets the Magistrate Judge's order to compel production of only the inmate grievance forms.

The Magistrate Judge correctly concluded that inmate grievances are relevant to establishing a pattern of conduct, intent, and motive. (ECF No. 61 at 10-11.) The inmate grievance forms themselves would provide the relevant information to serve this function. Although additional documentation could also be relevant, the Plaintiff has failed to articulate a need to for these documents that outweighs the Defendants' privacy interests. As Defendants point out, the Magistrate Judge found that the Plaintiff's similarly-articulated arguments for the appeals documents related to even his own case did not properly address the relevance of the documents or the balance of harms. (*See* ECF No. 61 at 14-15; ECF No. 50 at 11-12.) As such the Court does not believe that the Magistrate Judge determined that Plaintiff met his burden with respect to non-party appeals documents.

The Court modifies the Magistrate Judge's order to clarify that Defendants are required to produce only relevant grievance forms in response RFPs No. 2.

### ii. Temporal scope of discovery

Although, as Defendants point out in their briefing, other courts have determined that a five-year time limit is appropriate in similar cases, (Mot. at 8), the Court does not find that imposing a ten-year time limit is a "clear error." Unlike with RFPs No. 1, the Magistrate Judge did consider remoteness in time for RFPs No. 2, (*see* ECF No. 61 at 12), and the decision to impose a ten-year time limit is reasonable.

Courts have not recognized a hard line on limiting discovery of this type to five years; instead, they have determined an appropriate time limit based on the potential relevance of the information sought and the burden on defendant. *See Hayslett*, 2014 WL 1154314, at *4 (finding that officer performance evaluations over seven years old have little probative value, and the burden of production would outweigh the relevancy); *Lavenant*, 2019 WL 6139114 * 4 (limiting discovery period to five years, but without prejudice); *Darraj v. Cty. of San Diego*, No. 11-CV-1657-AJB (BGS), 2012 WL 5966854, at *2 (S.D. Cal. Nov. 28, 2012) (limiting discovery of personnel evaluations to three years prior to the incident).

Here the evidence sought – inmate grievances for conduct similar to Plaintiff's allegation – is of potentially high probative value because it can establish a pattern of conduct, intent, and motive. *See Tate v. Andres*, No. 218CV0822KJMACP, 2020 WL 1984151, at *3 (E.D. Cal. Apr. 27, 2020) ("[S]ufficient similarities in complaints could potentially demonstrate a pattern of conduct by defendant that would speak to his intent, which is a necessary component to each of the claims . . . ."); *Nehad v. Browder*, No. 15-CV-1386 WQH NLS, 2016 WL 2745411, at *2 (S.D. Cal. May 10, 2016). Despite Defendant's objections that producing complaints dating back ten years will be burdensome and that older complaints have diminished probative value, the Magistrate Judge's determination that those complaints are nevertheless relevant and discoverable is not in error.

Defendant's motion is DENIED as to the request to limit discovery of RFPs No. 2 to a time period of five years.

### IV. Conclusion

For the above reasons, IT IS HEREBY ORDERED that:

1. Defendants will produce documents responsive to Plaintiff's RFPs No. 1 dating back five years from June 3, 2019 to the present. Defendants need not produce documents in Defendants Coder and Vina's personnel files regarding "incitement of inmate on inmate violence."

2. In addition, Defendants must produce inmate grievance forms responsive to RFPs No. 2 dating back ten years from June 3, 2019 to the present.

Pursuant to the Magistrate Judge's order granting an extension of time to submit a proposed protective order for these documents, Defendants have 14 days from entry of this judgement to submit a proposed protective order. (ECF No. 67.) Proposed redactions for any documents will be made in accordance with the Magistrate Judge's order on Plaintiff's Motion to Compel. (*See* ECF No. 61 at 17.)

The Magistrate Judge's rulings as to Plaintiff's other RFPs not challenged by either party will remain in effect without modification.

IT IS SO ORDERED.

Dated: __May 18, 2023__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC2 – 2:19-cv-02552.mfr