1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ELADIO RODRIGUEZ,                       No.  2:19-cv-2552 DJC DB P

12                  Plaintiff,

13          v.                               ORDER AND FINDINGS AND
                                             RECOMMENDATION
14   G. KNIGHT, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims defendants used excessive force against him, failed to protect

19   him, and conspired to violate his rights during the disciplinary hearing process.  Presently before

20   the court is defendants' fully briefed motion for summary judgment (ECF No. 73) and motion to

21   modify the scheduling order (ECF No. 75).  For the reasons set forth below, the undersigned will

22   grant the motion to modify the scheduling order and recommend that the motion for summary

23   judgment be granted.

                                        **BACKGROUND**

25   **I.      Relevant Procedural History**

26          Plaintiff initiated this action with the filing of the complaint.  (ECF No. 1.)  Upon

27   screening the undersigned determined service of the complaint was appropriate for defendant

28   Knight, Pasioles, Ancheta, Paul, Junes, Coder, Achterberg, Vina, Farran, Canela, and Smith.

1   Following service,[1] this action was referred to the court's Post-Screening ADR

2   (Alternative Dispute Resolution) Project.  (ECF No. 21.)  The case did not settle (ECF No. 29),

3   and the court issued a discovery and scheduling order (ECF No. 33).

4   Plaintiff moved to compel further responses to his discovery requests.  (ECF No. 50.)

5   Defendants opposed the motion.  (ECF No. 54.)  The undersigned issued an order granting in part

6   and denying in part plaintiff's motion to compel.  (ECF No. 61.)  Defendants sought

7   reconsideration from the district court of the undersigned's order on plaintiff's motion to

8   compel.[2]  (ECF No. 66.)  Thereafter, defendant filed the instant motion for summary judgment.

9   (ECF No. 73.)  Plaintiff has filed an opposition (ECF No. 78) and defendants have filed a reply

10   (ECF No. 79).

11   **II.    Allegations in the Complaint**

12   The events giving rise to plaintiff's claim occurred while plaintiff was an inmate at Mule

13   Creek State Prison ("MCSP").  (ECF No. 1 at 1.)  Plaintiff claims that on June 3, 2019, as he was

14   exiting the dining hall, Knight directed plaintiff to assume position on the wall for a body search.

15   (Id. at 5.)  Plaintiff observed a staff member walking towards him and waited for the staff

16   member to pass before assuming position on the wall.  (Id. at 5-6.)  Because plaintiff did not

17   approach the wall right away, Knight slammed plaintiff against the wall causing shoulder injuries

18   and significant pain.  (Id. at 6.)  Plaintiff alleges defendants Junes, Coder, Achterberg, Vina,

19   Farran, and Canela observed Knight's actions without intervening to protect him.

20   Plaintiff further claims Knight attempted to suppress the incident by threatening plaintiff

21   during his medical interview.  (Id.)  During the use of force interview, Ancheta threatened to file

23   [1] Defendant Paul has not been served.  (ECF No. 33.)  The undersigned previously noted that plaintiff had not submitted the documents necessary to effect service on defendant Paul. (ECF No. 61 at 1-2 n.1.)  Service was returned unexecuted on May 2, 2022.  (ECF No. 71.)  Plaintiff is advised that failure to effect service on this defendant may result in a recommendation that defendant Paul be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).

27   [2] On May 19, 2023, District Judge Calabretta granted in part and denied in part the motion for reconsideration.  (ECF No. 81.)  Defendants were directed to produce responsive documents and submit a protective order.  (Id.)  Defendants sought and obtained an extension of time to comply with the order.  (ECF Nos. 82, 83.)

2

1    a rules violation report (RVR) unless plaintiff agreed to change his story to drop the charges.

2    Plaintiff filed a grievance regarding Knight's action on June 10, 2019.  During an interview

3    related to plaintiff's grievance, Pasioles threatened plaintiff with an RVR if he did not withdraw

4    his grievance against Knight.  (Id. at 7.)  Several days later, plaintiff received an RVR authored

5    by Knight.  During the disciplinary process defendants Paul, Smith, falsely stated plaintiff did not

6    suffer any injuries from the assault and Junes, Coder, Achterberg, Vina, Farran, and Canela

7    falsely stated Knight did not use force against plaintiff.  As a result, Pasioles gave plaintiff an

8    RVR.

9           Upon screening the undersigned determined the complaint stated the following claims: (1)

10   an excessive force claim against Knight (ECF No. 7 at 5), a failure to protect claim against

11   defendants Junes, Coder, Achterberg, Vina, Farran, and Canela (Id. at 6), and a claim conspiracy

12   to violate plaintiff's civil rights against Pasioles, Ancheta, Paul, Junes, Coder, Achterberg, Vina,

13   Farran, Canela, and Smith (Id. at 7).  The undersigned also determined the allegations were

14   sufficient to state claims under California law.  (Id. at 8.)

15                        **MOTION TO MODIFY THE SCHEDULING ORDER**

16          Defendants filed a motion to modify the court's July 9, 2021 Discovery and Scheduling

17   Order ("DSO") concurrently with the motion for summary judgment.  (ECF No. 75.)  Therein,

18   defendants request the DSO be modified and that the court set a separate deadline for merits-

19   based summary judgment motions following resolution of the instant motion for summary

20   judgment based on plaintiff's alleged failure to exhaust administrative remedies.  (ECF No. 75 at

21   1.)  Defendants further argue that this modification is the interests of justice and judicial

22   economy.  (Id. at 2.)  Plaintiff has not indicated any opposition to defendants' request to modify

23   the DSO.

24          The Ninth Circuit has explicitly recognized that the court should resolve exhaustion

25   before resolving the merits of a claim.  Albino v. Baca, 747 f.3d 1162, 1170-71 (9th Cir. 2014)

26   (en banc) ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's

27   claims . . . .").  Accordingly, the undersigned finds good cause to modify the DSO and will grant

28   the motion.

**MOTION FOR SUMMARY JUDGMENT**

**I.     The Parties' Briefing**

    **A.  Defendants' Motion**

Defendants argue that plaintiff failed to exhaust administrative remedies as to his failure to protect claim, conspiracy, and state law battery claim.  (ECF No. 73-2 at 9-15.)  They further argue that plaintiff failed to comply with the Government Claims Act, and therefore, his state law claims are barred.  (Id. at 16-17.)

    **B.  Plaintiff's Opposition**

Plaintiff argues that he fully exhausted all the claims presented in this action and that he is entitled to adjudication of all his claims on the merits.  (ECF No. 78.)

    **C.  Defendants' Reply**

Defendants argue that the sole appeal plaintiff filed during the relevant time period, only exhausted his claim that defendant Knight used excessive force against him.  (ECF No. 79 at 1-2.) Defendants further argue that plaintiff concedes that the remaining defendants were not mentioned in his appeal at the first level.  (Id. at 3.)  Rather, plaintiff alleges that the remaining defendants and other claims were added at the third level of review.  (Id.)

**II.     Legal Standards**

    **A.  Summary Judgment under Rule 56**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under summary judgment practice, "[t]he moving party bears the burden of proving the absence of a genuine issue of material fact."  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a

////

4

genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."
Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248.

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (per curiam) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the

1   inference may be drawn.  See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir.

2   1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

3   show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586

4   (citations omitted).  "Where the record is taken as a whole could not lead a rational trier of fact to

5   find for the non-moving party, there is no 'genuine issue for trial.'"  Id. at 587 (quoting First Nat'l

6   Bank, 391 U.S. at 289).

7          On a motion for summary judgment, it is inappropriate for the court to weigh evidence or

8   resolve competing inferences.  "In ruling on a motion for summary judgment, the court must

9   leave '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate

10  inferences from the facts' to the jury."  Foster v. Metropolitan Life Ins. Co., 243 Fed.Appx. 208,

11  210 (9th Cir. 2007) (quoting Anderson, 477 U.S. at 255).

12         Generally, when a defendant moves for summary judgment on an affirmative defense on

13  which he bears the burden of proof at trial, he must come forward with evidence which would

14  entitle him to a directed verdict if the evidence went uncontroverted at trial.  See Houghton v.

15  South, 965 F.2d 1532, 1536 (9th Cir. 1992).  The failure to exhaust administrative remedies is an

16  affirmative defense that must be raised in a motion for summary judgment rather than a motion to

17  dismiss.  See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  On a motion for

18  summary judgment for non-exhaustion, the defendant has the initial burden to prove "that there

19  was an available administrative remedy, and that the prisoner did not exhaust that available

20  remedy."  Id. at 1172.  If the defendant carries that burden, the "burden shifts to the prisoner to

21  come forward with evidence showing that there is something in his particular case that made the

22  existing and generally available administrative remedies effectively unavailable to him."  Id.  The

23  ultimate burden of proof remains with the defendant, however.  Id.  If material facts are disputed,

24  summary judgment should be denied, and the "judge rather than a jury should determine the

25  facts" on the exhaustion question, id. at 1166, "in the same manner a judge rather than a jury

26  decides disputed factual questions relevant to jurisdiction and venue," id. at 1170-71.

27  ////

28  ////

**B.  Legal Standards for Exhaustion of Administrative Remedies**

**1.  PLRA Exhaustion Requirement**

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaust requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Regardless of the relief sought, a prisoner must purse an appeal through all levels of a prison's grievance process as long as some remedy remains available.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies . . . available,' and the prison need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731, 736 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 136 S. Ct. 1850, 1858 (2016) (brackets in original).  In discussing availability in Ross the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60.  "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special
////

7

1    circumstances.'"  Id. at 1856.  "[M]andatory exhaustion statutes like the PLRA establish

2    mandatory exhaustion regimes, foreclosing judicial discretion."  Id. at 1857.

3         "[F]ailure to exhaust is an affirmative defense under the PLRA."  Jones v. Bock, 549 U.S.

4    199, 216 (2007).  It is the defendant's burden "to prove that there was an available administrative

5    remedy."  Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th

6    Cir. 1996)).  The burden then "shifts to the prisoner to come forward with evidence showing that

7    there is something in his particular case that made the existing and generally available

8    administrative remedies unavailable to him."  Id.

9         A prisoner is required to exhaust administrative remedies before filing suit.  McKinney v.

10   Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).  Section 1997e(a) mandates that "[n]o

11   action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted.  42

12   U.S.C. § 1997e(a).  "The 'available' 'remed[y]' must be 'exhausted' before a complaint under §

13   1983 may be entertained."  Booth, 532 U.S. at 738.  "Exhaustion subsequent to the filing of suit

14   will not suffice."  McKinney, 311 F.3d at 1199.

15                    **2.  California's Inmate Appeal Process**

16        "The California prison system's requirements 'define the boundaries of proper

17   exhaustion."  Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S.

18   at 218).  California prisoner may appeal "any policy, decision, action, condition, or omission by

19   the department or its staff that the inmate or parolee can demonstrate a material adverse effect

20   upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  During the time

21   relevant to this action,[3] inmates in California proceeded through three levels of appeals to exhaust

22   the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form; (2) second level

23   appeal to the institution head or designee; and (3) third level appeal to the Director of the

24   California Department of Corrections and rehabilitation ("CDCR").  Cal. Code Regs. tit. 15, §

25   3084.7.  Under specific circumstances, the first level may be bypassed.  Id.  The third level of

26

27   [3] In 2020, California changed the grievance system from a three-tier system to a two-tier system.
     The change became effective on June 1, 2020, after plaintiff initiated the relevant appeals in the
28   present case.  See Cal. Code Regs. tit. 15, § 3480.  All citations to the California code in the text
     refer to the prior law.

                                            8

review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's

administrative remedies.  See id., § 3084.7(d)(3).  However, a cancellation or rejection decision

does not exhaust administrative remedies.  Id., § 3084.1(b).

A California prisoner is required to submit an inmate appeal at the appropriate level and

proceed to the highest level of review available to him.  Butler v. Adams, 397 F.3d 1181, 1183

(9th Cir. 2005); Bennet v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).  In submitting a grievance,

an inmate is required to "list all staff members involved and shall describe their involvement in

the issue."  Cal. Code Regs. tit. 15, § 3084.2(3).  Further, the inmate must "state all facts known

and available to him/her regarding the issue being appealed at the time," and they must "describe

the specific issue under appeal and the relief requested."  Id. § 3084.6(b)(8).

An inmate has thirty calendar days to submit their grievance from the occurrence of the

event or decision being appealed, or "upon first having knowledge of the action or decision being

appealed."  Cal. Code Regs. tit. 15, § 3084.8(b).

### III.    Material Facts

Defendant(s) filed a Statement of Undisputed Facts ("DSUF") as required by Local Rule

260(a).  (ECF No. 73-3.)  Plaintiff's opposition fails to comply with Local Rule 260(b).  Rule

260(b) requires that a party opposing a motion for summary judgment "reproduce the itemized

facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny

those that are disputed, including with each denial a citation to the particular portions of any

pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in

support of that denial."

The court is mindful of the Ninth Circuit's instruction that district courts are to "construe

liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary

judgment rules strictly."  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).  Accordingly,

the court considers the record before it in its entirety despite plaintiff's failure to be in strict

compliance with the applicable rules.  However, only those assertions in the opposition that have

evidentiary support in the record will be considered.

////

9

1    At all times relevant to this action, plaintiff was in the custody of the CDCR at MCSP.

2  (DSUF (ECF No. 73-3) at ¶ 1.)  CDCR has an inmate grievance and appeal process.  (DSUF

3  (ECF No. 73-3) at ¶ 2.)  CDCR's inmate grievance and appeal process was available to plaintiff

4  and he utilized the process. (DSUF (ECF No. 73-3) at ¶ 3.)

5    The incident giving rise to the claim occurred on June 3, 2019.  (DSUF (ECF No. 73-3) at

6  ¶ 6.)  Plaintiff filed the operative complaint on December 18, 2019.  (DSUF (ECF No. 73-3) at ¶

7  5.)  Between June 3, 2019 and December 18, 2019, plaintiff filed six inmate grievances

8  concerning non-healthcare issues.  (DSUF (ECF No. 73-3) at ¶ 8.)  The inmate appeal log

9  numbers associated with those grievances are: (1) MCSP-A-19-02205; (2) MCSP-A-19-03145;

10  (3) MSCP-A-19-03757; (4) MCSP-A-19-03761; (5) MCSP-A-19-03926; and (6) MCSP-A-19-

11  04065.  (DSUF (ECF No. 73-3) at ¶ 8.)

12    Grievance log number MCSP-A-19-02205 was the only appeal exhausted through the

13  third level of review when plaintiff filed the operative complaint.  (DSUF (ECF No. 73-3) at ¶

14  11.)  A final decision at the third level of review was issued on October 25, 2019.  (DSUF (ECF

15  No. 73-3) at ¶ 11.)  Grievance log number MCSP-A-19-02205 alleged that on June 3, 2019

16  Knight used excessive force against plaintiff.  (DSUF (ECF No. 73-3) at ¶ 12.)

17    Plaintiff alleged the following in grievance log number MCSP-A-19-02205:

18      This Complaint is lodged against Sgt. Knight regarding the use of
         unnecessary and excessive use of (potentially deadly force
19      considering appellant's age) force whom has a significant history of
         misconduct towards the inmate population at not only MCSP but at
20      other CDCR prisons. This Complaint is also lodged against J.A.
         Lizarraga (Warden) and F. Vasquez (Acting Warden) and DOES 1-
21      10 whom in their capacities as supervisors allowed Sgt. Knight to
         engage in misconduct against the inmate population w/ impunity
22      taking into account the amount of incidents regarding Knights [sic]
         use of force against inmates. On 6-3-19, upon exiting "A" Dining
23      Hall after the morning meal, Sgt. Knight, w/out cause, utilized
         extreme force when he grabbed appellant (a 68 year old man) by his
24      left shoulder & w/ extreme force slammed appellant against the wall
         causing extreme pain & injuries. Appellant was subsequently
25      escorted to "A" medical facility for treatment. While appellant was
         being treated, Knight appeared at the medical facility & stated to
26      appellant, "I'm going to fuck you up if you don't leave the medical
         facility" in an attempt to suppress the incident. Knight's use of
27      force without cause is in direct violation of the CDCR use of force policies.
         Supervisory staff are also liable for [Knight's] use of force.

28

1    (Decl. of Slusher (ECF No. 73-4) at 15-17.)

2           The allegations in the other grievances filed by plaintiff during the relevant time period

3    are as follows:

4           • MCSP-A-19-03145 – This grievance concerned an RVR received by plaintiff and

5             was screened out as premature because the RVR hearing had not yet occurred

6             when the grievance was submitted.  (DSUF (ECF No. 73-3) at ¶ 15.)

7           • MCSP-A-19-03757 – This grievance concerned the issuance of, hearing, and

8             guilty finding regarding RVR number 6879219.  This appeal was exhausted,

9             having received a decision at the third level of review, on January 8, 2020.

10            (DSUF (ECF No. 73-3) at ¶ 16.)

11          • MCSP-A-19-03926 – In this grievance plaintiff sought to appeal the rejection of

12            grievance log number MCSP-A-19-3145 which was rejected as premature.

13            (DSUF (ECF No. 73-3) at ¶ 17.)  Plaintiff was advised that rather than filing a

14            new grievance to challenge the rejection, he was required to resubmit the rejected

15            grievance.  (DSUF (ECF No. 73-3) at ¶ 18.)  Following the rejection plaintiff did

16            not resubmit the grievance.  (DSUF (ECF No. 73-3) at ¶ 19.)

17          • MCSP-A-19-04065 – This grievance concerned an appeal of a guilty finding on

18            RVR number 6898460.  (DSUF (ECF No. 73-3) at ¶ 20.)  This appeal was not

19            exhausted through the third level of review.  (DSUF (ECF No. 73-3) at ¶ 20.)

20          Plaintiff did not submit a health care appeal regarding Dr. Smith, or the claim at issue in

21    this case after June 3, 2019.  (DSUF (ECF No. 73-3) at ¶ 21.)  Defendants state that plaintiff

22    indicated in a response to an interrogatory that he submitted an appeal on July 20, 2019, naming

23    all defendants, but concedes he does not possess a copy of this appeal and there is no record

24    MCSP received this appeal.  (DSUF (ECF No. 73-3) at ¶ 23.)  Additionally, plaintiff does not

25    indicate any objection to this fact in his opposition.  (ECF No. 78 at 2, 3.)

26          Plaintiff submitted a government claim form to the Department of General Services

27    regarding his claims in this action.  (DSUF (ECF No. 73-3) at ¶ 24.)  It was received on October

28    7, 2019.  (DSUF (ECF No. 73-3) at ¶ 24.)  Plaintiff requested a fee waiver for his government

claim, but did not include a certified copy of his inmate trust account statement.  (DSUF (ECF No. 73-3) at ¶ 25.)  Plaintiff was advised by the Department of General Services on November 6, 2019, that he was required to submit a copy of his trust account statement to present his claim.  (DSUF (ECF No. 73-3) at ¶ 26.)

Plaintiff states in his opposition that he disputes facts number 13, 14, 22, 27, and 28.  (ECF No. 78 at 2, 3.)  However, he has not provided any evidence to support his denial of these facts.  Thus, his objections to the DSUF are conclusory, uncorroborated, and self-serving statements which should not be accepted to establish a material fact on summary judgment.  Manley v. Rowley, 847 F.3d 705, 710-11 (9th Cir. 2017); see also Huskey v. Lopez, No. 1:15-cv-00138 JLT (PC), 2017 WL 2572451, at *4 (E.D. Cal. June 14, 2017) (finding statements contained in plaintiff's declaration failed to show a dispute of material fact because they were conclusory and unsupported by admissible evidence).

## IV.    Analysis

In support of their motion for summary judgment defendants allege that plaintiff filed six inmate grievances between the date of the incident giving rise to the claim, June 3, 2019, and the date he initiated this action, December 18, 2019.  (ECF No. 73-2 at 7.)  They further allege that only one of those appeals, MCSP-19-02205, was fully exhausted.  (Id.)  Defendants argue grievance MCSP-19-02205 stated that defendant Knight used excessive force against plaintiff and did not contain allegations that any other officer failed to protect him, did not mention allegations of conspiracy, or any of plaintiff's state law claims.  (Id.)  Thus, they argue these claims must be dismissed for failure to comply with the PLRA's exhaustion requirement.

Plaintiff argues that MCSP-19-2205 was bypassed to the second level of review and his claims against defendants Junes, Coder, Achterberg, Vina, Farran, Canela, "or any other staff . . . derived from Defendant Knight's unnecessary use of excessive force."  Thus, he concludes that "the failure to protect claim [was] included" in the appeal.  (ECF No. 78 at 2.)

### A.  Exhaustion of Federal Claims

Failing to name individual defendants, even when defendants are added at the second or third level of review, is not sufficient to exhaust as to the later added defendants.  See Ethridge v.

1    <u>Rodriguez</u>, No. 1:12-cv-2088 AWI SAB PC, 2015 WL 13237012, at *7 (E.D. Cal. Nov. 13,

2    2015) ("Administrative remedies are not exhausted as to any new issue, information or person

3    later named by the appellant prisoner that was not included in the originally submitted CDCR

4    Form 602 and addressed through all levels of administrative review up to and including the third

5    level."); <u>Smith v. Mendoza</u>, No. 19-03750 BLF (PR), 2021 WL 930706, at **9-10 (N.D. Cal.

6    Mar. 10, 2021) (original grievance identified one defendant and alleged that defendant took

7    retaliatory action against him due to a mail-related dispute did not exhaust claim as to other

8    defendants identified in information provided at the second level of review).

9            Additionally, plaintiff's allegation that Knight's assault gave rise to his other claims, does

10   not excuse him from exhausting administrative remedies as to his failure to protect and

11   conspiracy claims.  See <u>Morton v. Hall</u>, 599 F.3d 942, 946 (9th Cir. 2010) (finding grievance that

12   complained of visitation restrictions and did not mention an assault or that the visitation

13   restriction was related to the assault was insufficient to put prison officials on notice that staff

14   conduct contributed to the assault); <u>Rowland v. Beard</u>, No. 1:15-cv-01475 LJO BAM (PC), 2018

15   WL 4372795, at*4 (E.D. Cal. Sept. 12, 2018) (grievance complaining of lack of hot water failed

16   to put defendants on notice of plaintiff's claim that his toilet was flooded and sewage was flowing

17   into his cell).  Accordingly, defendants are entitled to summary judgment on plaintiff's failure to

18   protect and conspiracy claims against defendants Junes, Coder, Achterberg, Vina, Farran, and

19   Canela because plaintiff failed to name these individuals in the sole exhausted grievance.

20                    **B.  Exhaustion of State Law Claims**

21           The PLRA does not apply to plaintiff's state law claims.  See 42 U.S.C. § 1997e(a)

22   (requiring exhaustion of administrative remedies for actions pursuant to § 1983 or other federal

23   laws); <u>see also</u> <u>Franklin v. McDonnell</u>, No. CV 16-1192-CAS (AGR), 2018 WL 6991084, at *7

24   (C.D. Cal. Nov. 20, 2018) (PLRA does not apply to state law negligence claim).  However,

25   "[u]nder both state a federal law, a prisoner must exhaust available administrative remedies

26   before seeking judicial relief."  <u>Wright v. State of Cal.</u>, 122 Cal.App.4th 659, 664-65 (2004).

27   Additionally, California's exhaustion requirement is jurisdictional.  <u>Id.</u> at 655; <u>Upshaw v.</u>

28   <u>Superior Court</u>, 22 Cal. App. 5th 489, 505-06 (2018).

                                                    13

As stated above, plaintiff's only fully exhausted grievance contained allegations that defendant Knight used excessive force against him.  The grievance did not include allegations related to any of the other claims or defendants in this action.  Because it is undisputed that plaintiff failed to include allegations related to his state law claims in the only administrative grievance that is fully exhausted, his state law claims should be dismissed for failure to exhaust.  See e.g., Armstrong v. Small, 517 Fed. Appx. 546, 547 (9th Cir. 2013) (affirming dismissal of both state and federal claims for failure to exhaust administrative remedies); Serger v. Adams, No. 2:08-cv-1480 KJD PAL, 2012 WL 4491079, at *5 (E.D. Cal. Sept. 28, 2012) (dismissing state law claims for failure to exhaust jail grievance procedures with respect to those allegations); Martinez v. Adams, No. 1:09-cv-2119 LJO DLB, 2010 WL 2629397 at *4-5 (E.D. Cal. June 29, 2010) (dismissing state and federal claims for failure to exhaust); Washington v. Guerra, No. CV 15-06919-VAP (DTB), 2017 WL 1197861, at * 6 (C.D. Cal. Jan. 31, 2017) (dismissing state law assault and battery claims for failure to exhaust administrative remedies).

### A. California Government Claims Act

Defendants also argue that plaintiff's state law claims are barred because he failed to comply with the California Government Claims Act which requires that he submit a certified copy of his inmate trust account along with his request for a fee waiver.  (ECF No. 73-2 at 16-17.)  Plaintiff's only argument in response is that he "met all the necessary requirements and was in compliance with the stat tort claims act to bring suit."  (ECF No. 78 at 3.)

The California Government Claims Act "requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part."  Mangold v. California Public Utilities Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  Failure to properly present a claim bars the plaintiff from brining suit.  State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237 (2004).

Defendants have provided copies of plaintiff's Government Claims Act claim (ECF No. 73-7 at 77-81), a letter from the Department of General Services informing plaintiff that in order to file a claim he would need to pay the filing fee or submit a request to waive the filing fee (ECF No. 73-7 at 86), and plaintiff's resubmission of his claim (ECF No. 73-7 at 87-93).  In his

opposition, plaintiff disputes defendant's allegation that he failed to submit a certified copy of his inmate trust account along with his request for a fee waiver.  (ECF No. 78 at 3.)  However, defendants exhibit show that while plaintiff submitted copies of his inmate trust account along with his claims, he did not submit a certified copy with either of his claim forms (ECF No. 73-7 at 80, 91) and plaintiff acknowledged during the deposition (ECF No. 73-7 at 29-34) that he never requested a certified copy of his prison trust account to submit along with his claim.

Plaintiff's state law claims should be dismissed because he failed to comply with the requirements of the California Government Claims Act.  See Lipsey v. Davey, No. 1:17-cv-01706 DAD SAB (PC), 2018 WL 6201947, at *4 (E.D. Cal. Nov. 28, 2018) (dismissing state law claim where plaintiff failed to timely resubmit Government Claims Act claim following receipt of rejection letter); Harris v. County of San Diego, No. 18-cv-924-BTM-AHG, 2019 WL 6683367, at *3 (S.D. Cal. Dec. 5, 2019) (dismissing state law claims for failure to present claim prior to filing suit, noting litigant is required "pay either a filing fee or receive a fee waiver" along with presentation of claim); Lewis v. E. Monthei, No. CIV1401394, 2016 WL 917155, at *2 (Cal. Ct. App. Sept. 15, 2016) (affirming dismissal based on plaintiff's failure to present his claim within the meaning of the Claims act because he could not show that he paid the fee or obtained a fee waiver).

Because plaintiff failed to exhaust administrative remedies and properly submit a Government Claims Act claims, defendants are entitled to summary judgment on plaintiff's state law claims.  Stoltie v. Soares, No. 2:07-cv-1479 MCE JFM PC, 2009 WL 1513990, at *14 (E.D. Cal. May 27, 2009) (granting defendants motion for summary judgment on plaintiff's state law claims where plaintiff failed to show that he submitted a timely government claim under the California Torts Claims Act).

////

////

////

////

////

1

**CONCLUSION**

2      For the reasons set forth above, IT IS HEREBY ORDERED that:

3      1.  Defendants' motion to modify the scheduling order (ECF No. 75) is granted; and

4      2.  Any merits-based motion for summary judgment shall be filed within sixty days of a

5 final ruling on the instant motion for summary judgment. [4]

6      IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF

7 No. 73) be granted and this action proceed solely on plaintiff's claim that defendant Knight used

8 excessive force against him.

9      These findings and recommendations are submitted to the United States District Judge

10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days

11 after being served with these findings and recommendations, any party may file written

12 objections with the court and serve a copy on all parties.  Such a document should be captioned

13 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14 objections shall be served and filed within fourteen (14) days after service of the objections.  The

15 parties are advised that failure to file objections within the specified time may waive the right to

16 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

17 Dated: June 5, 2023

18

19

20 _____

21 DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

22

23

24 DB:12
     DB/DB Prisoner Inbox/Civil Rights/R/rodr2552.msj fr

25

_____

26 [4] Neither party requested that the time for conducting merits-based discovery be extended beyond
March 29, 2022.  (<u>See</u> ECF Nos. 33, 40, 41, 42, 43, 44, 45.)  Therefore, the parties will not be

27 permitted any additional time to conduct merits-based discovery.  However, as set forth above,
defendants have been ordered to submit documents in compliance with the District Court's May

28 19, 2023 order (ECF No. 81).

16